W. SHARP, Judge.
The Department of Revenue (Department), on behalf of the father, appeals from an order of the lower court which adopted the recommendations of a hearing officer and entered a modified final judgment on the issue of child support. We reverse on the limited issue of imposition of the monthly $5.25 clerk’s depository fee, and remand for further proceedings.
The Department claims the hearing officer erred by deviating downwards from the child support guidelines by more than five percent, because it subtracted (in addition) a depository fee of $5.25. When combined, the total results in a six percent deviation from the guidelines. Section 61.30(1) does not permit the trial court to deviate from the child support guidelines by more than five percent, unless written reasons are given.[1] None appears in this case.
Section 61.046(3) defines depository[2] to be that governmental agency established pursuant to section 61.181 ... to receive, record, report, disburse, monitor and handle alimony and child support payments. It is obviously intended to defray attendant expenses of those activities. § 61.181(2)(a). That section also sets limits on the amount of the fee, both maximum and minimum, and it further expressly states that the fee “shall be considered by the court in determining the amount *980 of support that the obligor is, or may be required, to pay.” However, it does not require that the fee be imposed on either the payor or payee parent.
It appears to us that the depository fee should be considered separately from the amount of child support required to be paid under the guidelines. Imposition on either parent is discretionary with the trial court. When a trial court departs downward from the guidelines amount by more than the allowed five percent, and it also desires not to impose the fee on the payor parent, it should make an express finding that it intends to relieve the payor parent from the obligation to pay the fee due to his or her financial circumstances, and that is the reason for the additional downward departure. Accordingly, we remand to permit the trial court to revise its order concerning child support consistent with this opinion.
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.

. Section 61.30(l)(a) provides:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support.... The trier of fact, after considering all relevant factors including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent, may order payment of child support which varies, plus or minus 5 percent, from the guideline amount. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record/ explaining why ordering payment of such guideline would be unjust or inappropriate.

. Specifically, it states:
"Depository” means the central governmental depository established pursuant to s. 61.181 to receive, record, report, disburse, monitor, and otherwise handle alimony and child support payments.