The Honorable R.B. "Chips" Shore Clerk of the Circuit Court Post Office Box 1000 Manatee County Courthouse Bradenton, Florida 34206-1000
Dear Mr. Shore:
You ask substantially the following question:
Do the provisions of section 61.181(3)(a), Florida Statutes (1998 Supplement), regarding partial payments received by the clerk's office for child support authorize the clerk to collect a fee only if the payment is enough to cover the court-ordered support payment and fee as well as any delinquency showing in the child support system from previous missed payments?
In sum:
The provisions of section 61.181(3)(a), Florida Statutes (1998 Supplement), regarding partial payments received by the clerk's office for child support preclude the clerk from collecting a fee if the entire support obligation due has not been paid, that is, if the payment is not enough to cover the court-ordered payment and the fee as well as any delinquency in the child support system.
Section 61.181, Florida Statutes, provides for the office of the clerk of the court to maintain a depository for receiving, recording, reporting, monitoring, and disbursing alimony, support, maintenance, and child support payments. Subsection (2)(a) of the statute provides that the depository shall impose and collect a fee on each payment made for receiving, recording, reporting, disbursing, monitoring, or handling alimony or child support payments as required under this section. The fees are to be set forth and included in every order of support entered by a Florida court requiring payment to be made into the depository.[1]
In considering the nature of this fee, the court in Department ofRevenue, Child Support Enforcement Division v. Moore[2] stated that the depository fee should be considered separately from the amount of child support required to be paid under the guidelines.
Section 61.181(3)(a), Florida Statutes (1998 Supplement), provides in part:
"[T]he depository shall collect and distribute all support payments paid into the depository to the appropriate party. On or after July 1, 1998, if a payment is made on a Title IV-D case which is not accompanied by the required transaction fee, the depository shall not deduct any moneys from the support payment for payment of the fee. Nonpayment of the required fee shall be considered a delinquency, and when the total of fees and costs which are due but are not paid exceeds $50, the judgment by operation of law process set forth in s. 61.14(6)(a) shall become applicable and operational. . . ."
You state that you have heard two conflicting interpretations of section 61.181(3)(a), Florida Statutes, as amended by Chapter 98-397, Laws of Florida. Under the first, the clerk would look to the order of support to verify the amount of the child support payment. If the payment received was enough to cover both the child support payment and the clerk's fee, the clerk could deduct money from the payment to cover the clerk's fee. Under the second interpretation, if there is any delinquency showing on the child support system — for example, an arrearage from previously missed payments — the clerk could not deduct a fee even though the payment received was enough to cover both the court-ordered support payment and the clerk's statutory fee.
Although section 61.181(3), Florida Statutes, was amended during the 1998 legislative session, the amendment merely added the language "on a Title IV-D case."[3] In 1997, the Legislature changed the effective date as contained in the second sentence quoted above from July 1, 1997, to July 1, 1998.[4] The provision prohibiting the clerk from deducting his or her fee from an inadequate child support payment was actually adopted by Chapter 96-305, Laws of Florida.
Where reasonable differences arise regarding the interpretation or application of a statute, the legislative intent must be the polestar in construing the statute.[5]
An examination of the legislative history surrounding the adoption of this provision evinces an intent to ensure that no funds would be taken away from court-ordered child support to cover the clerk's depository fee. The bill analysis for the 1996 legislation recognized that the clerks had been deducting the fee from the child support monies collected, but that there was a line of cases suggesting that the section 61.181, Florida Statutes 1995, did not authorize this method of collection.[6] The bill, as the analysis notes, attempted to address that issue to ensure that "the transaction fee required for the use of the depository cannot be taken from a partial child support payment."[7] While the bill analysis recognizes that the clerk is entitled to a fee, it reflects an intent that the fee not reduce the amount of a child support award being paid to the recipient.
While section 61.181(3)(a), Florida Statutes (1998 Supplement), could be construed as referring only to the sufficiency of each periodic payment ordered by the court, such an interpretation would appear to be inconsistent with the legislative intent expressed in the bill analysis. Rather an interpretation precluding the collection of a depository fee when there is any delinquency in the total child support payments due would appear to be consistent with the intent of the Legislature since a fee deduction in such circumstances would take away funds from court-ordered child support.[8] It may be advisable for the Legislature to clarify the statute.
Until such time, however, I am of the opinion that the provisions of section 61.181(3)(a), Florida Statutes (1998 Supplement), regarding partial payments received by the clerk's office for child support preclude the clerk from collecting a fee if the entire support obligation has not been paid, that is, if the payment is not enough to cover the court-ordered payment and the fee as well as any delinquency in the child support system.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 61.181(2)(b)4., Fla. Stat. (1998 Supp.).
[2] 677 So.2d 979, 980 (Fla. 5th DCA 1996).
[3] See, ss. 10 and 42, Ch. 98-397, Laws of Florida.
[4] See, s. 8, Ch. 97-170, Laws of Florida.
[5] See, e.g., Florida Birth-Related Neurological InjuryCompensation Association v. Florida Division of AdministrativeHearings, 686 So.2d 1349 (Fla. 1997); In re Order on Prosecutionof Criminal Appeals by Tenth Judicial Circuit Public Defender,561 So.2d 1130 (Fla. 1990) (legislative intent is polestar by which court must be guided in interpreting statutory provisions); State,Department of Revenue v. Kemper Investors Life Insurance Company,660 So.2d 1124 (Fla. 1st DCA 1995).
[6] Final Bill Analysis Economic Impact Statement on CS/HB 1087 (passed as Ch. 96-305, Laws of Florida), Florida House of Representatives Committee on Judiciary, dated May 20, 1996 (Bill Analysis). The bill analysis analogizes the position of the depository to that of a trustee, holding the property of the beneficiary, which, could not, without written authority, receive its fees from the trust principal.
[7] Id. at 6.
[8] This office has been informed that legal counsel to the Florida Association of Court Clerks, reached a similar conclusion.See, letters to Sandy Herzog, Florida Association of Court Clerks, from Robert R. McDonald, dated March 24, 1998, and August 12, 1998.
[9] The Bill Analysis notes that prior bill analysis of CS/HBs 805 and 2223 (section 5 of CS/HB 1087), stated that the bills may be a mandate on local government but that the Legislature did not find the committee substitute or CS/HB 1087 to come within the definition of a mandate set forth in Art. VII, s. 18, Fla. Const. In any event, the Bill Analysis notes that CS/HB 1087 passed with more than two-thirds of the vote of the membership of both houses.